UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OWEN BENJAMIN EVANS, an Individual,<br><br>        Plaintiff,<br><br>v.<br><br>COUNTY OF ORANGE, a public entity; CITY OF LAGUNA NIGUEL, a public entity; TYLER HILSABECK, an individual; UNKNOWN PERSONS; UNKNOWN OFFICERS; and UNKNOWN DEPUTIES,<br><br>        Defendants. | CASE NO.: 8:25-cv-02645-JWH-JDE<br><br>**ORDER DENYING "STIPULATED" PROTECTIVE ORDER** |

On November 24, 2025, Owen Benjamin Evans ("Plaintiff") filed a Complaint against the County of Orange ("County"), the City of Laguna Niguel, Tyler Hilsabeck as well as an unspecified number of "unknown persons," "unknown officers," and "unknown deputies." Dkt. 1 ("Complaint"). More than six months later, only the County has appeared among the defendants and no proof of service has been filed reflecting service of process on any other defendant (see generally, Docket), despite the requirement of Rule 4(m) of the Federal Rules of Civil Procedure that, absent a showing of good cause for a failure to timely serve, any defendant not served within 90 days of the filing of the Complaint "must" be dismissed.

1

On June 9, 2026, Plaintiff and the County only filed a "Stipulation" seeking a Protective Order governing the designation and handling of "confidential" material in the action. See Dkt. 27 ("Stipulation"). Although the Stipulation seeks to control the conduct of all parties to this action, defining the term "Party" to include all "parties to the action," it was not approved by two of the named parties, despite the more than six months that have passed since the filing of the Complaint.

The Court declines to enter the "Stipulation" as an order of the Court when half of the named parties have not agreed to the "Stipulation" or been given notice of or an opportunity to be heard on the matter, through no fault of their own, because, at least on the record before the Court, Plaintiff has failed to serve process upon such parties more than 180 days after the filing of the Complaint.

As such, the Court finds the requested protective order is not supported by good cause under Rule 26(c) of the Federal Rules of Civil Procedure and DENIES the Stipulation (Dkt. 27). Nothing herein prevents Plaintiff from dismissing all unserved defendants with Plaintiff and the County thereafter resubmitting a Stipulated Request for Protective Order or filing, upon proper notice, a Motion for a Protective Order governing only the existing parties or, if unserved parties who have not appeared are proposed to be covered by such order, explaining why such unserved defendants should be governed by the protective order despite having been unserved for over six months, and what efforts have been made to provide such unserved parties notice of any such future motion.

IT IS SO ORDERED.

DATED: June 10, 2026

_____
JOHN D. EARLY
United States Magistrate Judge